```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
   ANTONIO URENA,                                                  :
                                                                   :
                                      Plaintiff,                   :      1:23-cv-3205-GHW
                                                                   :
                          -against-                                :           ORDER
                                                                   :
   DYNAMICS FOOD CORP., et al.,                                    :
                                                                   :
                                      Defendants.                  :
                                                                   :
------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/2023

GREGORY H. WOODS, United States District Judge:

    The Court has reviewed counsel's sworn affidavit in support of the stipulation. Dkt. No. 19. In *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022), the Second Circuit stated that a court must review and approve a settlement in order to ensure compliance with the FLSA pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015).

    Accordingly, the parties are directed to file a joint motion via ECF, no later than July 6, 2023, setting forth their views as to why their settlement is fair and should be approved. The motion must address the considerations detailed in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and must include a copy of the settlement agreement itself, attached as an exhibit. The parties are advised that the Court will not approve settlement agreements that contain a confidentiality provision, and that the Court will not permit the parties to file any portion of any document related to the Court's evaluation of the proposed settlement under seal unless they have first made a particularized showing of the need for the relevant information to be sealed that rebuts the presumption of public access to judicial documents.

    If the settlement includes attorney's fees, the parties should also address the reasonableness of the fees to be awarded under the framework set forth in *Goldberger v. Integrated Resources, Inc.*, 209

F.3d 43, 50 (2d Cir. 2000).  Plaintiffs' attorneys must also attach as an exhibit detailed attorney time records for the Court's review, as the Second Circuit "encourage[s] the practice of requiring documentation of hours as a 'cross check'" even in cases in which the fees awarded are a percentage of the total award.  *Id.* (citation omitted).

In the alternative, the parties are directed to submit a joint letter via ECF, no later than July 6, 2023, presenting arguments for why the Court's review of the settlement pursuant to *Cheeks* is not appropriate.

SO ORDERED.

Dated: June 22, 2023
New York, New York

                                              GREGORY H. WOODS
                                            United States District Judge